# IN THE COURT OF APPEALS OF IOWA

No. 15-2157
Filed November 23, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**PHILLIP EUGENE MARAS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Carol S. Egly, District

Associate Judge.


        Phillip Maras appeals his conviction for first-degree harassment.

**AFFIRMED.**



        Joel E. Fenton of Law Offices of Joel E. Fenton, P.L.C., Des Moines, for

appellant.

        Thomas J. Miller, Attorney General, and Kevin Cmelik, Assistant Attorney

General, for appellee.


        Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VAITHESWARAN, Judge.**

Phillip Maras pled guilty to first-degree harassment. On appeal, he contends (1) the plea lacked a factual basis; (2) his trial attorney was ineffective in allowing him to plead guilty and in failing to pursue intoxication and diminished responsibility defenses; and (3) the district court abused its discretion in sentencing him.

## I.    *Factual Basis for the Plea*

The State charged Maras with first-degree harassment. *See* Iowa Code § 708.7(2)(a) (2015). "A person commits harassment in the first degree when the person commits harassment involving a threat to commit a forcible felony . . . ." *Id.* The State asserted the underlying forcible felony was a "threat to commit second-degree sex abuse on a twelve-year-old child. *See id.* §§ 708.7(2)(a); 702.11 ("A 'forcible felony' is any felonious . . . sexual abuse.'"). In fact, sex abuse against a twelve-year-old child is statutorily defined as third-degree rather than second-degree sexual abuse. *Compare id.* § 709.3 ("A person commits sexual abuse in the second degree when the person commits sexual abuse [and t]he other person is *under* the age of twelve." (emphasis added)), *with id.* § 709.4 ("A person commits sexual abuse in the third degree when the person performs a sex act [and t]he other person is *twelve* or thirteen years of age." (emphasis added)). This mistake was not caught and Maras pled guilty as charged.

On appeal, Maras contends "the correct facts were present within the record at all times, but misapplied by counsel, the State and the trial court." He requests a remand for a new factual basis determination. He acknowledges he failed to raise this challenge in the district court by way of a motion in arrest of

judgment and alternatively raises the issue under an ineffective-assistance-of-counsel rubric. We find it unnecessary to address the claim under that rubric because, as the State concedes, Mara received incomplete advice on the implications of a failure to file a motion in arrest of judgment and his "claim is not precluded by his failure to file" the motion. *See State v. Loye*, 670 N.W.2d 141, 149-150 (Iowa 2003) (noting failure to file a motion in arrest of judgment does not prevent a challenge to a guilty plea on appeal where the defendant is not "satisfactorily informed of the requirements of rule 2.24(3)(b)"). We turn to the merits.

The State and defense essentially agree on the law and the mistake of law. The State concedes a threat to commit a sex act on a twelve-year-old child "does not meet the elements of sexual abuse in the second degree" and "instead constitute[s] a threat to commit sexual abuse in the third degree." But, in the State's view, this error "does not change the elements of harassment in the first degree, which merely requires a threat to commit a forcible felony," and "[b]oth sexual abuse in the second degree and sexual abuse in the third degree are forcible felonies." Maras, in turn, acknowledges "[w]hether that sexual abuse threat constitutes the elements meeting the definitions of the first, second, or third degrees of that crime is immaterial for purposes of determining whether an offense of harassment in the first degree has been committed. Any forcible felony will do." But, he argues "any error in the factual basis for a plea should be corrected."

The question before us, then, is whether the conceded error in charging the underlying offense supporting the "forcible felony" element requires reversal.

Our answer is no because the degree of sexual assault was not an element of first-degree harassment and the facts supported a finding that a forcible felony was committed. *Cf. State v. Crane*, No. 12-0497, 2003 WL 289497, at *1-2 (Iowa Ct. App. Feb. 12, 2003) (noting the child was eleven rather than twelve or thirteen as the statute required and "[t]he age of the child is an essential element of [the] prosecution"). Specifically, Maras told the court he was pleading guilty to "threatening to commit a sexual act upon [the child] at age twelve years old." The court asked Maras to confirm the age as being twelve. Maras responded, "This is correct." Maras also agreed to have the minutes of testimony incorporated into the record. The minutes included a case investigation report detailing Maras' attempt "to persuade" the "12 year old" child through text messages "to engage [in] sexual acts." According to the report, the child told Maras "numerous times to stop but he continued anyways."

We conclude there was a factual basis for the plea to first-degree harassment. Accordingly, we affirm the plea.

## II. *Ineffective Assistance of Counsel*

Maras contends his plea attorney was ineffective in (A) allowing him to plead guilty to a plea lacking a factual basis and (B) failing to pursue the defenses of intoxication or diminished capacity. Having found a factual basis, we need not address the first claim. We preserve the second claim for postconviction relief proceedings to allow counsel an opportunity to weigh in. *See State v. Shanahan*, 712 N.W.2d 121, 136 (Iowa 2006) ("We normally preserve an ineffective-assistance-of-counsel claim for a postconviction relief proceeding where preserving the claim allows the defendant to make a complete

record of the claim, allows trial counsel an opportunity to explain his or her actions, and allows the trial court to rule on the claim.").

## III.    *Sentencing Decision*

Maras contends the district court abused its discretion in sentencing him by (A) "relying on facts that were not in evidence or demonstrably erroneous interpretations of facts from the minutes of testimony" and (B) "consider[ing] improper sentencing factors in imposing a sentence of imprisonment." Both arguments are premised on the erroneous forcible felony charge. In Maras' view, "a judge viewing the threatened part of the act as a part of the entire offense may indeed view the entirety of the offense differently depending on the degree of the threatened offense."

In sentencing Maras to a prison term not exceeding two years, the district court stated:

> The Court has considered the entire presentence investigation report. The Court has considered the statements of counsel, the statements of Mr. Maras, and, Mr. Maras, this Court is going to note, as mentioned by the county attorney, the Court independently came to this conclusion that you have apparently no insight into what you did, or you're simply electing to minimize it yet today, but at least to the date of the presentence investigation report.
>
> You claim this—your action's on alcohol, and yet this is something that took place over the course of several days. I went back and reviewed the Minutes of Testimony attached to the Trial Information and I note that you sent text messages over a several-day period, all of which dealt with—or many of which, I should say, dealt with sexual contact with this 12-year-old victim. This is not—and, remarkably, the text messages appeared to be in good form and statements that—or matters that were spelled correctly, and were, with the exception of one, clear statements about what you wanted to do. This Court believes that you are either continuing to minimize what you did or just won't accept what you did, one of the two.

And also considering your past criminal history, again, much of it involves alcohol. Your OWI one—1st, 2nd, 3rd. The Court believes the following sentence should be entered.

First, the Court makes the finding beyond a reasonable doubt that the defendant on or about June 15, 2015 committed the crime of Harassment in the First Degree, by making threats to commit Sexual Abuse in the Second Degree by specifically threatening to put his hands in the 12-year-old victim's pants; sucking, kissing and, to quote your text message, licking your luscious nips and sweet pussy—close the quote—upon the 12-year-old girl.

There is no indication the court viewed the crime differently based on the degree of the underlying forcible felony. Accordingly, we conclude the court did not consider an impermissible factor or abuse its discretion in sentencing Maras. We affirm Maras' judgment and sentence for first-degree harassment.

**AFFIRMED.**